# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **ANDREW FRANK** | **CIVIL ACTION NO. 09-1961-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN BATSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Andrew Frank ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 18, 2009. Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Jamie Fussell as defendant.[1]

Plaintiff claims that on August 24, 2009, Classification Officer Jamie Fussell violated his due process rights when she re-sentenced him to extended lock-down. He claims he had previously completed this extended lock-down sentence while at Forcht Wade Correctional sentence.

---

[1] Plaintiff also filed excessive force claims and denial of medical care claims against Warden Batson, Harold Echols, Colonel Savage, and Captain Lockey. These claims have been addressed in a separate memorandum order.

As relief, Plaintiff seeks compensatory damages, actual damages, monetary relief, punitive damages, emotional damages, injunctive damages, and attorney fees.

## LAW AND ANALYSIS

Plaintiff claims he was denied due process in the prison disciplinary proceeding because he was re-sentenced to an extended lock-down sentence he had already completed. To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431.

Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time

served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff in the instant case does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern the continuation of an extended lock-down sentence which is far from "extraordinary." This Court finds that under Sandin, Orellana and Madison, an extension of an extended lock-down sentence does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns. Hence, Plaintiff's claims that he was punished without due process of law are without merit.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's due process claim against Jamie Fussell be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 15th day of February 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE