UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANDREW FRANK                             CIVIL ACTION NO. 09-cv-1961

VERSUS                                   JUDGE STAGG

WARDEN BATSON, ET AL                     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Andrew Frank ("Plaintiff"), a self-represented prisoner, filed this civil rights action against three correctional officers and Warden Anthony Batson for claims of excessive force and lack of medical care while Plaintiff was housed at Forcht Wade Correctional Center. Plaintiff does not allege that Warden Batson directly participated in the events that gave rise to his claims. Batson is instead alleged to have been "personally involved by not properly training his officers." Before the court is Warden Batson's Motion to Dismiss (Doc. 49) on the grounds that the complaint does not state a claim against him. For the reasons that follow, it is recommended that the motion be granted.

**Rule 12(b)(6) Standard**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

The facts alleged, taken as true, must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S.Ct. at 1965).

**Analysis**

Plaintiff's complaint is accompanied by exhibits, which are the reports of prison officials regarding incidents that led to this lawsuit. The exhibits attached to the complaint are part of the complaint and may be considered when deciding a Rule 12(b)(6) motion. U.S. ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004); Stockwell v. Kanan, 442 Fed.Appx. 911 (5th Cir. 2011) (considering prison records attached to complaint when assessing a prisoner medical care claim).

The exhibits indicate that on the morning of August 24, 2009 Plaintiff became loud and argumentative with a physician about an MRI. A staff member gave Plaintiff a direct

order to be quiet, and when a nursing supervisor came out to speak to Plaintiff, Plaintiff became argumentative with the supervisor. The staff member gave Plaintiff a second order to be quiet, and Plaintiff accused her of trying to kill him "like the rest of them," and he claimed that he could not walk. Plaintiff was found guilty of defiance in connection with this incident and ordered to periods of extended lockdown and isolation.

Shortly after noon that same day, four officers (including Sgt. Savage) tried to give Plaintiff a mattress, but Plaintiff reportedly began yelling, threatened to stab one officer in the neck and face and kill the others if they were around him, cursed the officer, and threatened to have the officer's daughter shot in the head. Plaintiff was found guilty of defiance in connection with this incident and forfeited substantial amounts of good time and canteen privileges.

Captain Tammie Latin wrote in a report that around 4:10 p.m. that same day she was making rounds and gave Plaintiff an order to pick up his mattress from the floor and make his bed. Plaintiff ignored that order and a second order, so Latin notified Major Echols who came to the scene and gave Plaintiff another order to pick up the mattress and make the bed. Echols wrote in a report that he then retrieved a can of chemical agent and a camera and gave Plaintiff yet another direct order to pick up the mattress and make the bed or a chemical agent would be used. Plaintiff again refused. As promised, chemical agent was used, and Plaintiff then complied. He was convicted of aggravated disobedience in connection with this incident and sentenced to time in isolation and loss of phone privileges.

Plaintiff/Frank alleges that Major Echols used chemical agent on him "for no reason other than Frank refused to pick up a mattress which is against Frank's duty status due to Frank having (2) disc removed from his back L-4/L-5." He alleges that Colonel Savage used excessive force "by dragging plaintiff to lock down while Frank was in full restraints further when Frank was placed in his cell Colonel Savage used chemical agent on plaintiff Frank for no other reason than to cause harm." Plaintiff alleges that Captain Lockey used excessive force "by dragging plaintiff from the prison hospital to lock down while Frank had restraints on" and the officer knew that Plaintiff had two discs removed from his back.

The claims against Echols, Savage, and Lockey are not at issue today. Only Warden Batson has a motion before the court. There is no mention in any of the incident reports that Batson was present at the scene of these events or had any other personal involvement in them. Plaintiff's only allegation in his complaint against Batson is that the warden did not properly train his officers. When Batson filed his motion to dismiss, Plaintiff responded with a memorandum in opposition (Doc. 55), but he speaks only to the alleged merit of his claims against Echols, Savage, and Lockey. Plaintiff's memorandum never mentions Warden Batson.

Under Section 1983, supervisors such as Warden Batson are not liable for the actions of their subordinates on any theory of vicarious liability or respondeat superior. Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001). A plaintiff may establish Section 1983 liability against a supervisor for failure to supervise or train a subordinate only if that failure amounts to deliberate indifference to the plaintiff's constitutional rights. Roberts v. City of

Shreveport, 397 F.3d 287, 292 (5th Cir. 2005), citing City of Canton v. Harris, 109 S.Ct. 1197 (1989). "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." Roberts, 397 F.3d at 293.

Plaintiff has asserted only the most conclusory of claims that inadequate training had anything to do with the alleged violations of his constitutional rights. No particular deficiencies in training for the prison officers is described. The complaint, in this respect is nothing but "an unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has said is inadequate. Iqbal, 129 S.Ct. at 1949. Warden Batson is, therefore, entitled to be dismissed from this suit. The claims against the other officers remain to be resolved another day.

Accordingly,

**IT IS RECOMMENDED** that Warden Anthony Batson's **Motion to Dismiss (Doc. 49)** be **granted** and that all claims against Warden Batson be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of June, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE