UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


ANDREW FRANK                              CIVIL ACTION NO. 09-cv-1961

VERSUS                                    JUDGE STAGG

WARDEN BATSON, ET AL                      MAGISTRATE JUDGE HORNSBY


## REPORT AND RECOMMENDATION

### Introduction

Andrew Frank ("Plaintiff"), a self-represented prisoner, filed this civil rights action against three correctional officers and Warden Anthony Batson for claims of excessive force and lack of medical care while Plaintiff was housed at Forcht Wade Correctional Center. The claims against Warden Batson were dismissed for failure to state a claim (Docs. 57 and 63), and the claims against two of the correctional officers were dismissed after Plaintiff could not provide accurate service information for them.  Doc. 70.  The only remaining defendant is Billy Lockey, and he has filed a Motion to Dismiss (Doc. 74) on the grounds that Plaintiff did not properly exhaust his administrative remedies with respect to the claim against Lockey.  Plaintiff has not filed any timely opposition to the motion.  For the reasons that follow, it is recommended that the motion be granted.

### The Complaint

Plaintiff's complaint and attached exhibits indicate that on the morning of August 24, 2009 Plaintiff became loud and argumentative with a physician about an MRI.  A staff

member gave Plaintiff a direct order to be quiet, and when a nursing supervisor came out to speak to Plaintiff, Plaintiff became argumentative with the supervisor.  The staff member gave Plaintiff a second order to be quiet, and Plaintiff accused her of trying to kill him "like the rest of them," and he claimed that he could not walk.  Plaintiff was found guilty of defiance in connection with this incident and ordered to periods of extended lockdown and isolation.

Shortly after noon that same day, four officers tried to give Plaintiff a mattress, but Plaintiff reportedly began yelling, threatened to stab one officer in the neck and face and kill the others if they were around him, cursed the officer, and threatened to have the officer's daughter shot in the head.  Plaintiff was found guilty of defiance in connection with this incident and forfeited substantial amounts of good time and canteen privileges.

Captain Tammie Latin wrote in a report that around 4:10 p.m. that same day she was making rounds and gave Plaintiff an order to pick up his mattress from the floor and make his bed.  Plaintiff ignored that order and a second order, so Latin notified Major Echols who came to the scene and gave Plaintiff another order to pick up the mattress and make the bed. Echols wrote in a report that he then retrieved a can of chemical agent and a camera and gave Plaintiff yet another direct order to pick up the mattress and make the bed or a chemical agent would be used.  Plaintiff again refused.  Chemical agent was used, and Plaintiff then complied.  He was convicted of aggravated disobedience in connection with this incident and sentenced to time in isolation and loss of phone privileges.

Plaintiff alleges in his complaint that Major Echols used chemical agent on him "for no reason other than Frank refused to pick up a mattress which is against Frank's duty status due to Frank having (2) disc removed from his back L-4/L-5." He alleges that Colonel Savage used excessive force "by dragging plaintiff to lock down while Frank was in full restraints further when Frank was placed in his cell Colonel Savage used chemical agent on plaintiff Frank for no other reason than to cause harm." Plaintiff alleges that Captain Lockey used excessive force "by dragging plaintiff from the prison hospital to lock down while Frank had restraints on" and the officer knew that Plaintiff had two discs removed from his back.

**Analysis**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes those actions that allege the use of excessive force or denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff did file an ARP grievance with the prison, but Lockey argues that it did not exhaust the claim asserted against him because it did not mention Lockey's name or the allegation that Lockey dragged Plaintiff from his cell and injured his back. Lockey argues

that these omissions render any claims against him unexhausted and subject to dismissal pursuant to Section 1997e(a).

Plaintiff's grievance is attached to his complaint.  It asks that he describe the nature of his complaint, "(i.e. WHO, WHAT, WHEN, WHERE, and HOW)."  Plaintiff wrote as follows:

> Offender Andrew Frank was ordered to pick up a mattress.  Frank refused due to duty status no picking up over 10 lb.  Frank was sprayed with mace by Major Echols.  Because Frank medical record isn't here Dr. was already told about Frank disc removal.  Therefore Frank shouldn't have been written up or sprayed with mace.

Prison officials responded that this complaint had been addressed during the appeal of the related disciplinary proceedings.

The Fifth Circuit has instructed that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials time and opportunity to address complaints internally.  "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the law suit."  Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004).

In assessing which defendants were within the scope of the grievance, Johnson observed that the grievance is not a summons and complaint, but it "must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected

with the problem."  <u>Johnson</u>, 385 F.3d at 522.  However, a grievance may sufficiently identify a person even by a functional description (such as the guards in the shower room on a certain date).  <u>Id</u>. at 522-23.

The grievance filed by Plaintiff gave no hint from which a reasonable administrator would understand that Plaintiff was asking for a resolution of the claim against Lockey that Plaintiff presents in his complaint filed with the court.  The grievance did not mention Lockey's name, provide a functional description, or even allege that Plaintiff was dragged from his cell, so no reasonable inference could be drawn that a claim against Lockey was at issue, and prison officials did not have a fair opportunity to address any such claim.   The claim against Lockey should, therefore, be dismissed for failure to exhaust administrative remedies prior to suit. <u>See</u> <u>Curry v. Scott</u>, 249 F.3d 493, 505 (5th Cir. 2001) (grievance complaining of a beating by one security officer did not exhaust administrative remedies relative to a failure-to-protect claim asserted against a bystander officer who was not mentioned in the grievance).

The next question is whether the claim should be dismissed with or without prejudice to refiling in forma pauperis. The undersigned has explained in cases such as <u>Fitch v. LA Dept of Public Safety & Corrections</u>, 2009 WL 1076749, *3 (W.D. La. 2009) that the district courts may no longer dismiss unexhausted complaints *sua sponte*.  Rather, taxpayers must fund service by the Marshal, followed by motion practice offered by taxpayer-funded attorneys for the prison officials, before the cases can be dismissed.  These burdens make it important to discourage the filing of unexhausted prisoner complaints.  Dismissal with

Page 5 of  7

prejudice to another IFP filing serves that interest and will encourage prisoners to obey Congress's mandate to exhaust administrative remedies before suit is filed.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 74)** be **granted** and that all claims against Billy Lockey be **dismissed with prejudice** to refiling a claim against him in forma pauperis.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of January, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge